Ex A. Clarity as to Request for disclosure to obtain Record from trial Court for support 2nd 11.07 Refused. Court clerk Chris Daniel filed 4-13-15 10:36 A.M. Court #248

65, 748-02

RECEIVED IN
COURT OF CRIMINAL APPEALS

MAY 06 2015

Abel Acosta, Clerk

Ex Parte

Jerry J. Miller

In the Criminal District
Court No. 248 of
Harris County, Texas

"Reply-memorandum" To States Response
to Applicants Writ of Habeas Corpus &
Applicants "objection" to Recommendation
to Dismiss

To the Honorable Judge of said Court:

Comes now, The Applicant Jerry J. Miller Pro-se
and in opposition of states response and recommendation
to dismiss applicants writ of Habeas Corpus submitted
under a base claim of Actual innocence, Respectfully
states the following to the Court based on its information
and belief.

In Ex Parte Brown 205 S.W. 3d 538 (Tex crim. App, 2006)
the Court stated that establishing a bare claim of actual
innocence in a Post-Conviction application for writ of
Habeas Corpus is a "Herculean task". In Brown, the court
stated that to succeed on a Habeas claim of actual
innocence based on newly discovered evidence the
applicant must show by clear and convincing evidence
that, despite the evidence of guilt that supports the
conviction, no reasonable juror could have found him guilty
in light of the new evidence, This showing must over-
come the Presumption that the conviction is valid
and must unquestionably establish applicants innocence.

(1)

The evidence relied upon must be newly discovered or newly available. In Brown, the court denied relief because the evidence wasn't newly discovered. The evidence was the same as that attached to the applicants motion for new trial 2yrs. earlier.

In Ex Parte Calderon, 309 s.w. 3d. 64(Tex Crim. App. 2010) the court stated that the evidence of innocence must be newly discovered or newly available. Evidence can be newly available if it was previously known, but was not available for the defendant to use for some reason outside his control.

In opposition of States Request for dismissal(B) Ps.3 as Expounded above and in futher; Applicants Retained Paid Counsel through out his entire Trial, Pre-trial, and Appeal Proceedings to the Highest State Court, which was Counsel's responsibility to obtain all relevant discovery material used to restrain his (Applicants) "life and liberty".

A second I.A.C. ineffective assistance of counsel was raised on Counsel in second writ of Habeas Corpus, to obtain affidavits from representing Counsel on direct appeal and Habeas Proceedings as to reasons issues supported to be raised in the "First bite of Apple" (State Resp. Ps.4) wasn't thoughly investigated as required on I.A.C. claim raised in Prior 11.07 Habeas Corpus.

In opposition to States response III Ps.2 Necessity for an evidentiary hearing and expansion of the record. There is need for an expansion of the record.

(2)

Applicant submits that the record before the trial court isn't sufficient to resolve applicants Application and a need to bring applicant back to Harris County for a hearing, along with a supplementing all Post-Conviction motions; of request for disclosure; of usage of arm-of-law proceedings, and relevant out-of-court statements, given by victim, states Attorney, and state Expert witnesse's, ( that showed credible information was offered to defense counsel to Prepare a effective defense), is exposed and attached.

11.07 gives the trial court leeway on how evidence is gathered on a writ application on some issues, affidavits may be sufficent, However, on issues that involve a Judgement concerning crediability, a live evidentiary hearing is Preferable. On some occasions, the Court of Criminal APPeals will order the trial court to conduct a live hearing see, ExParte Brown 205 S.W. 3d. 538 (Tex Crim, APP, 2006). ( Court of criminal APPeals remand for a live hearing).

A good example of the necessitity for hearing is ExParte Thompsom, 153 S.W. 3d. 416 (Tex Crim APP 2005). In Thompson, the trial court heard testimony from the alleged victim of a sexual assualt recanting the testimony she gave as a child, ( which could Prevail for applicant Miller). The trial court heard the testimony and concluded that the recantation was credible and the court of criminal appeals deferred to this fact finding claim of inaffective assistance of Counsel frequently require on.

(3)

Evidentiary hearing where there is a dispute between client and attorney over what occarrred, the trial court is required to make a credibility determination that can best be made after a live hearing.

The Applicant Request Evidentiary hearing,

State Presents, in argument and authorities "An applicant must Prove by a Preponderance of the evidence that the error contributed to his conviction or Punishment" ExParte Williams, In Williams it clearly exposes a showing of Jurisdictional defect in the convicting court or the denial of a Fundamental or Constitutional Right.

In expanding on evidence or allegations that legal bases for applicant's claim weren't availible (state Resp. P5.5).

Applicants disclosure Request were relevant to the trial courts Jurisdiction and Plenenary Power, Along with Court of Appeals Power to Affirm, Due to Counsel's of Record, and Trial courts abuse of discretion, and failure to Properly investigate, and the information submitted in this Memorendum/objection, The Court should order a hearing or remand for a new trial, and deny states Request to dismiss subsequent writ,

(4)

## Applicants over-all Argument

Applicant was entitled to disclosure of grand jury testimony/Proceedings upon a showing of "Particularized Need" Dennis v. u.s. 384 u.s. 855-874 (1966).

Applicant asserts that a "Particularized need" existed in submitted Post-Conviction Motions throughout a 2-3 year Period with the Trial court of conviction and court official in Possession of disclosure, In a reasonable deduction that the state has utilized this grand Jury at least in Part for discovery Purpose's.

Its fundamentally unfair for the state to deny Applicant equal access to this storehouse of relevant facts. The grand Jury testimony was available to the state, if so desire, to impeach witnesses. Its Fundamentally unfair for the state to deny Applicant equal access to the material for impeachment and cross-examination of witnesses, The grand Jury testimony is availible to refresh witnesses recollection if necessary. Its fundamentally unfair to deny applicant equal access to this Potential refresher material. The grand Jury was used by the state to Prepare its case, (through grand Jury investigation), Applicant ought to have equal access to the material to Prepare a defense.

The grand Jury was to have testimony and investigation that contain exculpatory material discoverable under Brady v, Maryland 373 u.s. 83 (1963).

(5)

The grand jury - (if had one) - testimony and investigation - (if was performed) - for the state, before trial, that was presented, the state will be required to produce thier grand jury testimony and investigation for purposes of cross-examination. Texas Rules of Evidence 615(F)(3).

In accordance to Texas Rules of evidence 201 "Judicial Notice" The court was to examine, (clear, apparent, on the Record), A disregard of a fact that concerns the parties to a Judicial or administrative proceeding. (facts meaning Physical evidence, credible statements).

The reason trial uses trial-type Procedure to make practical judgement on the basis of experience, that taking evidence subject controversies involving disputes of adjudicative facts, that is facts pertaining to parties. The reason we require A determination on the record is that we think fair procedure in resolving disputes of adjudicative facts calls for giving each party a chance to meet in appropriate fashion the facts that come to the tribunal "Attention". The Key to a fail trial is opportunity to use the appropriate weapons to meet adverse materials that come to the tribunals attention.

The trial clerks records clearly exposes a original indictment handed down by a grand jury Panel which was required to obtain, and should for the record, show the formality to allow applicant and defense counsel fair opportunity to challenge process used, or impaneling could be <u>unconstitutional</u>.

(6)

This Disclosure is a Relevant factor to the Applicants entire holding in custody, Its expands greatly on Jurisdiction, and Court Power, through-out Applicants trial and appeal, This information was outside Applicants Control when he filed his first 11.07 Habeas Corpus, but it must show face to the record to confirm the states Constitution due Course of law was followed by Texas Statue and Articles or it deprives Applicant a fair trial.

Because of the severity of this matter, Applicant, has joined a Prominent organization whom currently is challenging this Process throughout counties of Convictions, The Name, Texas Court Conspiracy against the People, current claim #14-50387, Pending in the U.S. 5th circut C.O.A, on Rehearing statues, Along with in Applicants submitted subsequent writ, These individuals have filed the appropriate Complaint with the Federal agencies whom have authority over this Courts District Court Jurisdiction, Applicant informs this court to take in account his due diligence to Present, in accordence to law, his complaint of a wrongful conviction.

Wherefore Premises Applicant Jerry J, Miller Request this court to grant the appropriate Relief, which comes with this discovery of Newly discovered availible information, along with granting a new Trial.

(7)

This is to certify a true and correct of this document was mailed to the Harris County D.A. and Court of Criminal Appeals, on _____ 2015, and is to be shared a copy with Federal agencies, whom request to investigate Counties Records of convictions by Applicant is Pending. Awaiting a Notice of declination to Intervene.

1. Civil Rights Dept. of Invest. U.S. Dept. of Jus, 950 Pennsylvania Ave. N.w. Washington, DC. 20530, Recieved Cert. Complaint, Mar. 21. 2013 Tri # 70123460000024903884

2. Thomas W. Baily unit chief Fed. Bureau Invest. 1000 custer Hollow Rd. Clarksburg, WV. 26306 Invest Service Sec. Rec. cert. Complaint Mar. 17. 2013

3. Monica R. Washington Deputy clerk Melissa Mattingly Deputy clerk Peter Conor Deputy clerk 605 S. Maestri Place New Orleans, LA 70130

4. Circuit Judges fifth circuit Prado, Owen, and Graves 605 S. Maestri Place New Orleans, LA, 70130

5. United States Att. U.S. Dept. Jus. Kenneth McGidson, Ruben Purez Southern Dist. of TX 1000 Louisianna Ste. 2300 Houston, TX 77002

6. Micheal McCrum Fed Pros. 509 W. 11th St. P.O. Box 1748 890th Crim. Dist. Court Travis Co. Austin, TX 78767

7. Rita Castro chair Person (TIFA) Texas inmate Family Assoc. P.O. Box 300220 Austin, TX 78703

8. Jeanaette Clack, clerk Western Dist. Court of TX 501 W. 5th St. Suite 1100 Austin, TX 78701

9. Class Rep. Shawn L. Dunn Texas Courts Conspiracy against the People Beto unit 1391 Fm. 3328 Tenn, Colony, TX 75880 # 14-50387

Criminal District Attny.
   Devon Anderson
   1201 Franklin, Suite 600
   Houston, TX 77002-1923

Court of Crim. Appeals Clerk
   Abel Acosta
   P.O. Box 12308, Capital Station
   Austin, TX 78711

Respectfully submitted
   Jerry L. Mills 1144333
   Beto unit 1391 Fm. 3328
   Tenn. Colony, TX 75880

To the clerk of the Court! 5-3-15

Please Provide a filed copy of all Post-conviction motions submitted to your court for Newly-discovered availible disclosure! This information is needed to Prepare my Habeas corpus Memorandum, which will be attached. upon reciept of states response, to writ 917141-B, All record recently filed is A. supplemental record to 917141-A, filed Prior to the writ of Habeas Corpus 1-17-2002

Motions Filed! Motion for Preservation and Production of Rough notes, filed 2002, Motion for notice of Intrinsic Evidence, filed 2002, Motion for discovery and inspection of Evidence filed. 2002, Motion for notice of Impeachment Evidence, filed 2002, Petition for disclosure of grand Jury Procedings and testimony filed 4-26-12, Motion to "set aside" Indictment filed, 4-26-12, Motion to Request to reverse Conviction for improper Grand Jury Procedures, 4-26-12, notice of Appeal filed Dec. 20, 2013 Motion for Request the court to take notice "Judicial Notice" filed Dec. 20. 2013 Motion for D.N.A testing Pursuant to chapter 64 of the Texas Code criminal Procedure, filed March 15. 2014 Motion for Appointment of counsel filed Mar. 15, 2014.

Thank You for Your time and help,

Sincerly
Jerry J. miller 1144933
1341 Fm 3328
Tenn. Colony, TX 75880